David Wayne WILLIAMS,
Plaintiff–Appellant,

v.

TUCSON UNIFIED SCHOOL DISTRICT, Ron Stacey and Jane Doe Stacey, a husband and wife, Dr. Estanislado Paz and Jane Doe Paz, a husband and wife, Defendants–Appellees.

No. 07–15243.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 24, 2008.

Filed Dec. 4, 2008.

---

---

Hortencia Delgadillo, Esquire, Tucson, AZ, Rodolfo Valenzuela, Esquire, Law Office of Valenzuela & Bours, Tucson, AZ, for Plaintiff–Appellant.

Lyle D. Aldridge, Esquire, Gabroy Rollman & Bosse PC, Tucson, AZ, for Defendants–Appellees.

Before: SCHROEDER, NELSON and ROTH *, Circuit Judges.

## MEMORANDUM **

In April 2001, Tucson Unified School District (Tucson) did not hire David Williams, an African–American male, for a supervisory position within its transportation department. He brought suit under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, alleging that Tucson's decision was in retaliation for a complaint he made to it about the lack of African–Americans in supervisory roles. The district court granted defendants-appellees' motion for summary judgment.

Williams makes two arguments here: (1) the district court erred in precluding his retaliation claim under § 1981 and (2) the court improperly granted defendants' summary judgment motion on his Title VII retaliation claim. The district court, however, did not err because Williams failed to carry his *prima facie* burden to show causation, which is required for both of his retaliation claims. We therefore affirm the judgment of the district court.

### I.

Retaliation claims under Title VII and § 1981 share identical legal standards.[1] *See Manatt v. Bank of Am., N.A.,* 339 F.3d 792, 801 (9th Cir.2003).

To establish a *prima facie* case of retaliation, a plaintiff must demonstrate: (1) a protected activity; (2) an adverse employment action; and (3) a causal link between the protected activity and the adverse employment action. *E.g., Surrell v. California Water Service Co.,* 518 F.3d 1097, 1107–08 (9th Cir.2008). The "[c]ausation sufficient to establish the third element ... may be inferred from ... the proximity in time between the protected action and the allegedly retaliatory employment decision." *Yartzoff v. Thomas,* 809 F.2d 1371, 1376 (9th Cir.1987). If a plaintiff relies solely on the proximity in time inference to support the causation prong, that proximity in time must be "very close." *See Clark County School Dist. v. Breeden,* 532 U.S. 268, 273–74, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) (per curiam) (citing cases finding a three-month period and a four-month period too long). In *Manatt,* we held that "nine months" between a plaintiff's complaint and the adverse decision was too long to satisfy the causation prong. *Manatt,* 339 F.3d at 802.

Here, Williams did not adduce any evidence on causation; instead, he relied ex-

---

* The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The Supreme Court recently held that § 1981 racial discrimination claims include retaliation claims. *See CBOCS West, Inc. v. Humphries,* —— U.S. ——, 128 S.Ct. 1951, 1957–58, 170 L.Ed.2d 864 (2008).

clusively on the inference based upon temporal proximity. Because the period of time between Williams's complaint and the adverse employment decision was nine months—the same time period as in *Manatt*—we hold that he failed to satisfy his *prima facie* burden to show causation.

AFFIRMED.